UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AMERICAN INTERNATIONAL LIFE
ASSURANCE COMPANY OF NEW YORK,

          Plaintiff,

       -vs-

Case No. 05-C-524

DEBRA A. EDWARDS, SHARLOTTE G. EDWARDS,
PARADISE MEMORIAL FUNERAL HOME,
HOUSE OF BRANCH FUNERAL HOME, and
MARLAINA DUNCAN, on behalf of ISIAIH DUNCAN,

          Defendants,
  and

DENISE GUERRERO on behalf of DE'ANGELO EDWARDS,

          Claimant.

---

## DECISION AND ORDER

---

This is an interpleader action brought to determine the proper recipients of the proceeds of a life insurance policy. The interpleader complaint alleges that plaintiff American International Life Assurance Company of New York ("AILIFE") underwrote an insurance policy offered by Wal-Mart Stores, Inc. (Compl. ¶ 10). Floyd Edwards, a Wal-Mart store employee, obtained insurance coverage under this policy and designated both Debra A. Edwards and his minor son, Isiaih Duncan, as beneficiaries. (*Id.* at ¶ 12). Floyd Edwards died in December 2004. (*Id.* at ¶ 13).

On July 28, 2005, the Court granted AILIFE leave to deposit $29,000.00 – the value of Floyd Edwards' policy – with the Clerk of Court, plus interest.[1] Subsequently, the Court received a variety of inquiries and motions from the prospective claimants to these proceeds, including a motion from defendants Paradise Memorial Funeral Home ("Paradise") and House of Branch Funeral Home ("Branch") claiming the right to reimbursement for funeral services provided for Floyd Edwards. (*See* May 1, 2006 Decision and Order, pp. 2-3). On May 1, 2006, the Court directed the other claimants to submit objections, if any, to the funeral home's claims. The Court further directed the other claimants – not including the funeral providers – to set forth the factual and legal bases supporting their claims to policy benefits. Those submissions have been received and this matter is ready for the Court's decision.

According to the Beneficiary Designation Form executed by Floyd Edwards (*see* Compl. Ex. D), Debra Edwards is entitled to 25% of the insurance proceeds, and Isiaih Duncan is entitled to 75% of the insurance proceeds. The basis for the claim by the funeral service providers is that Debra Edwards assigned portions of her insurance proceeds to pay for the funeral services: $1,554.00 to Paradise (*see* Motion for Disbursement of Funds, Affidavit of Camelia Jones, Ex. B, Docket # 21-4) and $5,446.00 to Branch (*see Id.*, Affidavit of Natalie Woods, Ex. B, Docket # 22). The remaining claimants do not object to this disbursement, which will be granted by the Court.[2]

---

[1] The Clerk received a deposit in the amount of $30,611.29 on August 10, 2005. (*See* Docket # 14).

[2] Denise Guerrero writes the Court questioning whether certain funds provided by Floyd Edwards' co-workers were used for his funeral expenses. Guerrero fails to heed the Court's warning that "factual statements and representations should be provided under penalty of perjury, see 28 U.S.C. § 1746. Sworn affidavits are also acceptable." (May 1, 2006 Decision and Order, p. 4). In any event, counsel for the funeral provider suggests that this money was used to defray the cost of the services, and Paradise requests reimbursement for the balance remaining. (*See* Docket # 30).

With regard to the remaining disbursement, none of the submissions by any of the claimants persuade the Court that it should deviate from the distribution reflected in Floyd Edwards' Beneficiary Designation Form.[3] The only remaining issue is whether the payment to the funeral providers will be deducted solely from the benefits due to Debra A. Edwards, or whether Edwards and Isiaih Duncan should share the costs proportionally based on their received benefits. Because Edwards assigned the use of her insurance proceeds to pay for the funeral expenses, the Court finds that those expenses should be deducted solely from her portion of the proceeds.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Paradise and Branch's Motion for Disbursement of Funds [Docket # 20] is **GRANTED**;

2. The Clerk of Court shall issue a check in the amount of $1,554.00, plus interest accrued from August 10, 2005, to Paradise Memorial Funeral Home, in care of its counsel of record, F.M. Van Hecke, Law Offices, Chartered, 6300 North Port Washington Road, Milwaukee, WI 53217;

3. The Clerk of Court shall issue a check in the amount of $5,446.00, plus interest accrued from August 10, 2005, to House of Branch Funeral Home, in care of its counsel of record, F.M. Van Hecke, Law Offices, Chartered, 6300 North Port Washington Road, Milwaukee, WI 53217;

---

[3] Sharlotte Edwards asserts a claim to proceeds based on the fact that she was legally married to Floyd Edwards at the time of his death. (*See* Docket #27). This factual statement was not sworn under penalty of perjury, so it will be disregarded by the Court. In any event, this fact provides no legal basis to disregard the Beneficiary Designation Form.

4. The Clerk of Court shall issue a check in the amount of $652.82, plus interest accrued from August 10, 2005, to Debra A. Edwards, 3116 W. Michigan Street, Milwaukee, WI, 53208;

5. The Clerk of Court shall issue a check in the amount of $22,958.47, plus interest accrued from August 10, 2005, to Marlaina Duncan on behalf of Isiaih Duncan, 2715 Welsh Court, Waukesha, WI 53188; and

6. This matter is **DISMISSED WITH PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 1st day of September, 2006.

                                          **SO ORDERED,**

                                          **s/ RudolphT. Randa**
                                          **HON. RUDOLPH T. RANDA**
                                          **Chief Judge**